IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTONIO R. REED,

    Petitioner,

v.                                            Civil Action No. 5:17CV48
                                            (Criminal Action No. 5:06CR15)
UNITED STATES OF AMERICA,                    (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION THAT PETITIONER'S**
**28 U.S.C. § 2255 PETITION BE DENIED**

I. Background

The pro se[1] petitioner, a federal inmate, filed a motion under 28 U.S.C. § 2255. Previously, the petitioner entered a plea of guilty to a one-count information, which charged him with conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), and 846. The petitioner was sentenced as a career offender to 235 months of imprisonment and five years of supervised release, based on his convictions in this Court for aiding and abetting the distribution of cocaine base and distribution of cocaine base, and for aggravated trafficking, for which he was convicted in the Franklin County, Ohio Court of Common Pleas.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

In his present § 2255 motion, the petitioner requests that the Court reduce his sentence pursuant to the "Holloway Doctrine." Presumably, the petitioner is referring to the decision entered in United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (permitting a reduction to the defendant's "excessive" sentence "in the spirit of fairness"). The petitioner filed his first motion to vacate under § 2255 on August 27, 2009, which was dismissed on the merits. This Court affirmed and adopted the recommendation of the magistrate judge that the motion be denied as untimely.

In accordance with Local Rule of Prisoner Litigation Procedure 2, this case was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation. In his report and recommendation, the magistrate judge recommends that the petition be dismissed. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections. For the following reasons, this Court affirms and adopts the magistrate judge's report and recommendation.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld

unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

## III. Discussion

In his report and recommendation, the magistrate judge correctly found that the petitioner's pending § 2255 motion is a second or successive habeas corpus motion because the petitioner's first § 2255 motion was dismissed on its merits.  See Slack v. McDaniel, 529 U.S. 473, 485-89 (2000) (stating that, for a motion to be considered successive, a prior motion must have been dismissed on its merits).  Thus, the petitioner was required to obtain authorization from the United States Court of Appeals for the Fourth Circuit before filing the successive motion.  Section 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  The petitioner did not obtain this authorization as is required by § 2255(h).  Therefore, the magistrate judge recommended that the petitioner's petition be dismissed.

This Court finds no error in the above determinations of the magistrate judge and thus upholds his recommendation.

IV. <u>Conclusion</u>

Accordingly, after a review for clear error, the report and recommendation of the magistrate judge (ECF Nos. 10/105) is AFFIRMED and ADOPTED in its entirety.  The petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 (ECF Nos. 1/95) is DENIED.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights.  Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter.  See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> petitioner by certified mail to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   January 10, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE